No. 22-1042

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

LISA SHERMAN,

    *Plaintiff-Appellant*

v.                                                                                                               Case No. 22-1545

SPEEDWAY, LLC,

    *Defendant-Appellee*

## APPELLANT'S MOTION TO STAY CASE PENDING DECISIONS OF THE MICHIGAN SUPREME COURT IN *KANDIL-ELSAYED V. F & E OIL, INC.*, MICHIGAN SUPREME COURT CASE NO. 162907, AND *PINSKY V. KROGER CO. OF MICHIGAN*, MICHIGAN SUPREME COURT CASE NO. 163430

    Appellant, Lisa Sherman, respectfully moves this Court for an Order immediately staying further proceedings in this matter pending the decisions of two cases currently pending before the Michigan Supreme Court, *Kandil-Elsayed* v. *F & E Oil, Inc.*, Michigan Supreme Court Case No. 162907, and *Pinsky* v. *Kroger Co. of Michigan*, Michigan Supreme Court Case No. 163430.

### I. Introduction

    The Michigan Supreme Court has granted oral argument on leave to appeal and directed its court clerk to schedule oral arguments in two cases in which the continued viability of Michigan's unique 'open and obvious' rule in premises liability cases have been called into question. Because this issue is the dispositive basis on which the district court's decision below was based upon in the present case, Lisa Sherman respectfully seeks this Court issue a stay and hold briefing in abeyance until such time as the Michigan Supreme Court rules.

By way of brief background, before this Court is an appeal of the District Court's grant of summary judgment in favor of Speedway, a decision based, in large part, upon Michigan's unique premises liability framework under *Lugo v. Ameritech Corp.*, 464 Mich. 512, 629 N.W.2d 384 (2001). *Lugo*, *Id.*, at its core, mandates that the trial judge — rather than a jury — must first determine whether the hazard was 'open and obvious' and if found to be so (and in the absence of certain stringent exceptions) the case must be dismissed for want of a duty owed to a plaintiff.

The Michigan Supreme Court has now granted oral argument on the applications for leave to appeal in *Kandil-Elsaye*d, 969 N.W.2d 69 (2022), and *Pinsky v. Kroger Co. of Michigan*, 972 N.W.2d 256 (2022), and ordered the clerk to schedule oral arguments on the same day. Importantly, in both cases, it has requested additional briefing from parties and invited amicus briefing to determine, among other things, whether Michigan's Lugo framework is antithetical to comparative fault principles and the Restatement Torts, 3d. Because the instant case before the Court was dismissed below based on the *Lugo* framework, the answer to the questions posed by the Michigan Supreme Court would greatly impact the present appeal.

## II. Standard of Review

The United States Supreme Court has long recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L.Ed. 153 (1936). Thus, "a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp. v. Laborers' Int'l Union of N. Am.*, 544 F.2d 1207, 1215 (3d Cir. 1976). Indeed, "(s)uch stays are entered quite routinely." *Walker v. Monsanto Co. Pension Plan*, 472 F.Supp.2d 1053, 1055 (S.D. Ill. 2006) (collecting cases).

In fact, a court may order such as stay sua sponte when it is clear that the outcome of a case before the Supreme Court may have broad implications for the case before it. *Dare v. Wal-Mart Stores, Inc.*, 2003 WL 21147657 (D. Minn. 2003). "In determining whether to stay an action under its inherent authority, a court must weigh the competing interests of and possible harms to the parties." *Stokes v. RealPage, Inc.*, 2016 WL 9711699, at *1 (E.D. Pa. Jan. 25, 2016) (citing to *Rhodes v. Indep. Blue Cross*, 2012 WL 447544, at *3 (E.D. Pa. Feb. 9, 2012) (citing *Dimensional Music Publ'g, LLC v. Kersey*, 448 F. Supp. 2d 643, 655 (E.D. Pa. 2006))). See also *Michael v. Ghee*, 325 F. Supp. 2d 829, 833 (N.D. Ohio 2004) (granting motion to stay where parties' effort "would be wasted and unnecessary if the defendants' view prevails in the Supreme Court. Any interim victory plaintiffs might have reached here in the meantime would have been temporary and meaningless").

In making such a determination, a Court should weigh the following factors: "whether the proposed stay would prejudice the non-moving party, whether the proponent of the stay would suffer a hardship or inequity if forced to proceed and whether granting the stay would further the interest of judicial economy." *Stokes*, 2016 WL 9711699, at *1 (quoting *Airgas, Inc. v. Cravath, Swaine & Moore, LLP*, 2010 WL 624955, at *3 (E.D. Pa. Feb. 22, 2010)). See also *Hillson v. Kelly Servs., Inc.*, No. 2:15-CV-10803, 2015 WL 4488493, at *1 (E.D. Mich. July 15, 2015) ("The Court finds that a stay is warranted, inter alia, because Spokeo has the high potential to be completely dispositive of the instant case and because judicial economy favors a limited delay in awaiting the Spokeo decision"); Springdale Mem'l Hosp. Ass'n, Inc. v. Bowen, 1986 WL 68482, at *4 (W.D. Ark. Nov. 25, 1986) (granting stay where "proceeding on the merits in this case may result in a waste of judicial resources" and would not prejudice either party).

### III. Discussion

The Michigan Supreme Court appears poised to decide whether *Lugo*, *supra.*, should continue to be good law in Michigan and whether, like most other states, the open and obvious defense should be considered by a jury, consistent with the principles of comparative fault.

In *Kandil-Elsayed*, *supra.*, the Michigan Supreme Court has granted oral argument on application for leave on "whether *Lugo v. Ameritech Corp., Inc.*, is consistent with Michigan's comparative negligence framework; and if not, [] which approach this Court should adopt for analyzing premises liability cases under a comparative negligence framework." *Kandil-Elsayed*, 969 N.W.2d at 70.

In *Pinsky*, *supra.*, the Michigan Supreme Court granted oral argument on the application for leave to appeal, ordering briefing, on among other things, whether "the open and obvious doctrine does not preclude relief where a land possessor should anticipate the harm, and [] [whether] liability should be precluded in Michigan even if the danger posed by a condition on land is open and obvious without special aspects as defined by *Lugo*, or whether the open and obvious nature of a condition should be a consideration for the jury in assessing the comparative fault of the parties as set forth in the Restatement Torts, 3d." *Pinsky*, 972 N.W.2d at 257. [internal citations omitted.][1]

It is axiomatic that this action in diversity will be determined by following the law of the state's highest court on the relevant issues at bar. *Erie E.R. Co. v. Tomkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed 188 (1938). Further, the "a judgment of a federal court ruled by state law and

---

[1] In both Kandil-Elsayed and Pinsky, the Michigan Supreme Court are using orders directing arguments on the applications rather than granting application for leave to appeal; However, this is a common practice and appears to be a distinction without a difference, as "distinctions between the two order types primarily involved the periods of time for submitting the briefs and the amount of time allowed for argument." Bursch, John J., et al, *Briefing and Arguing Cases in the Michigan Supreme Court*, [updated by Supreme Court staff on April 14, 2022].

correctly applying that law as authoritatively declared by the state courts when the judgment was rendered, must be reversed on appellate review if in the meantime the state courts have disapproved of their former rulings and adopted different ones." *Huddleston v. Dwyer*, 322 U.S. 232, 236, 64 S.Ct. 1015, 88 L.Ed. 1246 (1944); *Talley v. State Farm Fire and Cas. Co.*, 223 FD.3d 323, 326 (2000).

The two cases presently before the Michigan Supreme Court present the required strong showing that the Michigan Supreme Court is strongly considering reversing *Lugo* and adopting a different standard — thus judicial economy warrants issuance of a stay in the present case. First, judicial resources would not be wasted if a decision is handed down during the pendency of this appeal. Second, the parties would not have to brief, and possibly re-brief, the issues before this Court if the Michigan Supreme Court rules that *Lugo* is no-longer viable, or any other variation of such ruling that would disapprove of a trial court determining whether a condition was open and obvious.

Perhaps the most telling example of judicial economy is represented by the Michigan Supreme Court's own decisions to hold at least four applications in premises liability applications in abeyance pending the outcomes in Kandil-Elsayed and Pinsky. See, *Ford v. City of Marshall*, 974 N.W.2d 217 (2022); *Ramic v. Bullock Enterprises, LLC*, 975 N.W.2d 917 (2022); *Sirrey v. J. Dell Hair Studio, LLC*, 977 N.W2d 549 (2022); *Grilli v. Mon Jin Lau, Inc.*, 975 N.W.2d 465 (2022).

There is no prejudice to Speedway by holding this matter in abeyance until such time as the Michigan Supreme Court determines whether the Lugo framework is still good law. Mediation has just been terminated and the parties have not briefed the issues before the Court.

Judicial economy further favors holding this matter in abeyance as, given the strong showing that the Michigan Supreme Court is examining the continued viability of *Lugo, supra*. The Court would not need to expend judicial resources to review, hear and decide – only to have its work possibly undone. Both Ms. Sherman and Speedway would suffer the hardship of drafting briefs and preparing for and attending oral argument in a matter that will be moot. If the *Lugo* construct is overturned by the Michigan Supreme Court this Court will avoid the arduous task of a de novo review of the record in this matter. Various national and state-wide interest groups and associations on both sides of have already submitted briefing in *Kandil-Elsayed*, supra.,

Given the strong showing that the Michigan Supreme Court is reviewing the framework under which decision in the district court below was made, a stay in this matter is warranted.

### IV. Conclusion

For the foregoing reasons, Appellant, Lisa Sherman, respectfully requests that the Court grant her Motion to Stay.

Respectfully Submitted,

DRIGGERS, SCHULTZ & HERBST

By: */s/ Mark Kelley Schwartz*
MARK KELLEY SCHWARTZ (P48058)
Attorney for Appellant
3331 W. Big Beaver Road, Suite 101
Troy, MI 48084
Tel: (248) 649-6000
MSchwartz@DriggersSchultz.com

DATED: September 12, 2022